UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GINGER DIANE G.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 1:25-cv-00114-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On December 31, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on July 15, 2019. (AR 16). Plaintiff's application was denied initially and on reconsideration. A

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

MEMORANDUM DECISION AND ORDER - 1

telephonic hearing was conducted on February 7, 2024, before an Administrative Law Judge. (AR 16).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on February 22, 2024, finding Plaintiff not disabled. (AR 16-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the date of the ALJ's decision, Plaintiff was sixty-two years of age. Plaintiff is a high school graduate with an associate's degree, and has past relevant work experience as a bookkeeper. (AR 43). Plaintiff claims disability due to physical and mental impairments including: rheumatoid and degenerative arthritis; heart problems; sleep apnea with day-time fatigue; and neck, back, and joint pain. (AR 45-51).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity after February 2022. (AR 18). At step two, the ALJ determined Plaintiff suffers

**MEMORANDUM DECISION AND ORDER - 2**

from the following medically determinable severe impairments: obstructive sleep apnea; diabetes mellitus, noninsulin-dependent; spondylosis of the cervical spine with radiculopathy to both shoulder areas; atrial fibrillation; seropositive rheumatoid arthritis; polyarthralgia; osteoarthritis affecting her spine; osteopenia of the hip; degenerative joint disease of the cervical spine; cervical facet arthropathy; primary osteoarthritis of both knees; and morbid obesity. (AR 19). The ALJ concluded Plaintiff's hyperlipidemia and generalize anxiety disorder were nonsevere. (AR 19-20).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 21). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for light work with the following limitations:

> [Claimant] can lift and carry up to twenty pounds occasionally, ten pounds frequently; sit for a total of up to six hours in an eight-hour workday with normal breaks; stand or walk for a total of up to four hours in an eight-hour workday, but for up to 30 minutes at one time; never climb ladders, ropes or scaffold; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, and crouch; never crawl; frequently handle and finger; tolerate occasional exposure to extreme cold, vibration and atmospheric conditions, e.g. noxious odors, fumes, dusts and gases; and have no exposure hazards, e.g. unprotected heights or heavy equipment.

(AR 22).

At step four, the ALJ found Plaintiff capable of performing past relevant work as a bookkeeper as actually and generally performed. (AR 26). The ALJ therefore determined Plaintiff was not disabled from February 2022, through the date of the decision. (AR 26).

**MEMORANDUM DECISION AND ORDER - 3**

## ISSUES FOR REVIEW[2]

1. Whether the ALJ properly considered Plaintiff's subjective symptom allegations.

2. Whether the ALJ properly evaluated the medical opinion evidence.

3. Whether the RFC is supported by substantial evidence.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.*

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.

---

[2] Because remand is warranted on the first and third issues for the reasons stated herein, the Court declines to address the second issue and the other alternative arguments made for remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

**MEMORANDUM DECISION AND ORDER - 4**

1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

1.  **Plaintiff's Symptom Testimony and Statements**

Plaintiff argues the ALJ failed to provide clear and convincing reasons to disregard her subjective symptom statements. (Dkt. 13, 19). Defendant maintains the ALJ provided legally sufficient reasons to reject Plaintiff's statements. (Dkt. 18).

### A. Legal Standard

Where the record contains objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which they complain and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-38, 1040 (9th Cir. 2007). The clear and convincing standard does not require this Court to be convinced, but instead asks "whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

General findings and conclusory statements are insufficient. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Rather, the ALJ must identify which testimony was found not credible and explain what evidence contradicted that testimony. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and

did not arbitrarily discredit the claimant's testimony regarding pain." *Brown-Hunter*, 806 F.3d at 493. If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

### B. Plaintiff's Statements

In the functional reports, Plaintiff reported having fatigue from sleep apnea and pain. Plaintiff's daily activities included preparing simple meals for herself and son, watching television, doing chores slowly throughout the day, caring for her cat, running errands, and going to appointments. (AR 278-279, 329-330). Plaintiff stated being unable to do any yardwork and cannot clean the whole house in one day. Plaintiff drives and shops in stores as needed; and enjoys reading, checking in with friends, television, uses the computer for an hour, checks her phone, and does puzzles. (AR 282, 329). Plaintiff reported certain postural limitations with reaching, bending, lifting, squatting, kneeling, and stair climbing; difficulty with memory, completing tasks timely, and concentration. (AR 283, 329, 332). Plaintiff stated she does not feel good most of the time; and had worsening neck, back, knee, and hand pain/aching. (AR 285, 328).

During the hearing, Plaintiff testified to needing to sleep during the day for two to three hours due to sleep apnea. (AR 46). Plaintiff described her issues with using her hands – aching, numbness, closing a fist, using a computer mouse for more than twenty minutes, grasping, turning, and picking things up - due to arthritis. (AR 50-52). She reported being able to sit for two to three hours before needing to move, and that she could stand on her feet for between ten and twenty minutes at a time. (AR 53). Plaintiff

grocery shops, but has help taking bags to the car and needs to rest after putting things away when she gets home because of the wear on her hands. Plaintiff testified to having pain and general discomfort all of the time due to fatigue from sleep apnea, heart problems, and arthritis. (AR 56). Plaintiff described living with and caring for her special needs son, including cooking, cleaning, and driving to appointments.

### C. Analysis

After summarizing Plaintiff's functional report and testimony, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 23).

Defendant contends the ALJ found Plaintiff's symptom statements to be inconsistent with the objective medical evidence in three respects: 1) mostly normal physical examinations, 2) unremarkable mental status examination, and 3) records reporting effective treatment. (Dkt. 18). Plaintiff disagrees, arguing the ALJ failed to make specific findings, offered no explanation of his reasoning, and improperly rejected her statements for lack of objective medical evidence. (Dkt. 13, 19).

The Court finds the ALJ erred by failing to identify a clear and convincing reason for finding Plaintiff's statements of hand pain and limited hand functioning inconsistent with the medical evidence and other evidence in the record. Specifically, the ALJ did not explain the reasons for finding Plaintiff's complaints of hand pain inconsistent with the record. Rather, after summarizing Plaintiff's statements, the ALJ recited the commonly

**MEMORANDUM DECISION AND ORDER - 7**

used boilerplate paragraph and then summarized the medical evidence. (AR 23). "'[P]roving a summary of medical evidence ... is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter*, 806 F.3d at 493-94)). Here, the only discussions of medical records relevant to hand pain and functioning in the decision were the ALJ's conclusion at step three that there is "little to no medical evidence of fine or gross manipulation impairment" and the ALJ's observation of mostly normal physical examinations. (AR 21, 23). However, the decision does not provide the ALJ's reasoning for finding Plaintiff's complaints of hand pain and limited functioning inconsistent with the records cited by the ALJ so as to allow for meaningful review. *Brown-Hunter*, 806 F.3d at 489.

Moreover, notably absent from the written decision is any consideration of records from the Idaho Arthritis Cener relevant to hand pain and an ultrasound of Plaintiff's hands, both of which are more recent than the medical records of normal physical findings relied on by the ALJ at step three and in discussing normal physical exam findings. (AR 21, 23). It was error for the ALJ not to consider all of the relevant evidence in the record when evaluating the intensity and persistence of Plaintiff's symptoms of hand pain and limited functioning resulting from her medically determinable impairment of rheumatoid arthritis. SSR 16-3p; 20 C.F.R. § 404.1529.

Further, the Court is unable to discern the ALJ's reasoning, as the decision is somewhat inconsistent with regard to Plaintiff's statements of hand pain. For instance, after discounting Plaintiff's symptom testimony, the ALJ then relied on Plaintiff's

testimony regarding hand pain as one basis for finding the opinions of the state agency medical consultants unpersuasive. (AR 23-25). Absent some explanation by the ALJ, the Court could only speculate at the ALJ's reasons for discrediting Plaintiff's testimony and then faulting the state agency consultants for failing to consider the same – e.g., the ALJ may have concluded that the absence of any handling or fingering limitations in the consultants' opinions was inconsistent with her complaints of hand pain. While there may be valid bases underlying the ALJ's decision and reasoning, the written decision does not reveal the ALJ's rationale and the Court is "'constrained to review the reasons the ALJ asserts.'" *Lambert*, 980 F.3d at 1278 (quoting *Brown-Hunter*, 806 F.3d at 494).

Based on the foregoing, the Court finds the ALJ erred by failing to explain the reasoning relevant to Plaintiff's complaints of hand pain and functioning, and failing to address all of the evidence when evaluating Plaintiff's symptom statements. This error was not harmless as the Court cannot conclude it was inconsequential to the disability determination, for the reasons discussed below. *Brown-Hunter*, 806 F.3d at 492-494.

## 2. RFC Determination

Plaintiff argues the ALJ erred by failing to consider all of the evidence when assessing her RFC. (Dkt. 13, 19). Defendant maintains substantial evidence supports the ALJ's RFC determination which accounted for all of Plaintiff's limitations that were found to be supported by the record. (Dkt. 18).

### A. Legal Standard

Residual functional capacity (RFC) is "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); *see also* 20 C.F.R. Part 404, Subpart P,

Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). The ALJ must consider all relevant evidence in the record and all of a claimant's medically determinable impairments, whether severe or not, when assessing a RFC. *Carmickle*, 533 F.3d at 1164; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. § 404.1545(a)(2) and (3). But "an RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

In determining the RFC, the role of the ALJ is to perform a careful examination of the medical record to ascertain a claimant's disability status and ability to work. 20 C.F.R. § 404.1545(a)(3); *Vertigan v. Halter*, 260 F.3d 2001, 1049 (9th Cir. 2001). The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). In addition to medical evidence, the ALJ must consider descriptions and observations of the claimant's limitations, including limitations resulting from pain. *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the hypothetical question posed to the vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

The RFC finding must be supported by substantial evidence in the record and the

**MEMORANDUM DECISION AND ORDER - 10**

ALJ must explain their reasoning underlying the RFC. 42 U.S.C. § 405(b); 20 C.F.R. § 404.1520c. When reviewing the ALJ's RFC assessment under the substantial-evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek*, 139 S. Ct. at 1154. The ALJ must set forth the reasoning underlying the decision in a way that allows for meaningful review. *Brown-Hunter*, 806 F.3d at 492; *Laborin*, 867 F.3d at 1153 (The RFC assessment must contain a thorough discussion and analysis of the objective medical and other evidence.). The Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

B.  Analysis

In the RFC determination, the ALJ concluded Plaintiff was capable of performing a reduced range of light work, with limitations that Plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit for a total of up to six hours, and stand/walk for a total of up to four hours in an eight hour workday for up to 30 minutes at one time; frequently handle and finger; and other postural, manipulative, and environmental restrictions. (AR 22). Plaintiff argues the RFC failed to consider all of the evidence by not addressing the records related to rheumatoid arthritis in her hands. (Dkt. 13, 19). Defendant maintains the ALJ addressed Plaintiff's symptom statements concerning arthritis; discussed medical records reporting normal exam findings in the upper extremities, and normal unassisted gait; and found no evidence of fine or gross manipulation impairment. (Dkt. 18).

**MEMORANDUM DECISION AND ORDER - 11**

The Court finds the ALJ erred in failing to address evidence of Plaintiff's severe medical impairment of seropositive rheumatoid arthritis after step three and when formulating the RFC. 20 C.F.R. § 404.1545; *Valentine*, 574 F.3d at 690; *Robbins*, 466 F.3d at 883. While the ALJ is not required to discuss every piece of evidence, the ALJ must discuss significant and probative evidence favorable to the claimant and explain why it has been rejected. *Hill v. Astrue*, 698 F.3d 1153, 1161-2 (9th Cir. 2012). The ALJ failed to do so here.

The ALJ determined at step two that Plaintiff's rheumatoid arthritis was a severe medical impairment. (AR 19). At step three, the ALJ found "there is little to no medical evidence of fine or gross manipulation impairment." (AR 21). As determined above, the ALJ failed to identify a clear and convincing reason for discounting Plaintiff's symptom testimony relevant to her hand pain and functioning as inconsistent with the medial evidence and other evidence in the record. (AR 23). In discussing the objective medical records, the ALJ identified records reporting grossly intact bilateral upper extremity range of motion with normal sensation and joint flexion. (AR 23). However, there is no mention of Plaintiff's rheumatoid arthritis in the ALJ's discussion of the RFC, medical records, or medical opinion evidence. (AR 22-26). Notably, the ALJ did not address records from the Idaho Arthritis Center relevant to Plaintiff's hand pain and functioning, and made no mention of the September 1, 2022 ultrasound of Plaintiff's hands finding mild synovitis bilaterally in wrists and finger/hand joints, mild degenerative change of carpals noted bilaterally, marginal cortical erosions noted bilaterally in finger/hand joints. (AR 708-729, 1180-1237). Instead, the ALJ relied on medical records that predated the

**MEMORANDUM DECISION AND ORDER - 12**

ultrasound and other records from the Idaho Arthritis Center. (Dkt. 21, 23-25).[3]

Based on the foregoing, the Court finds the ALJ erred in failing to address records relevant to Plaintiff's rheumatoid arthritis impairment and Plaintiff's hand pain and limited hand functioning when fashioning the RFC. The records were relevant to Plaintiff's functional limitations resulting from a medically determinable impairment, but not discussed. The Court makes no determination as to whether the records demand a different conclusion than that reached by the ALJ. Rather, the error found herein is the failure to address relevant evidence such that the Court can meaningfully review the decision. The absence of any discussion of the records or Plaintiff's handling and fingering functioning in the RFC determination makes it impossible for the Court to determine whether the ALJ's decision was supported by substantial evidence. Further, on this record, the Court is unable to discern the ALJ's reasoning concerning Plaintiff's rheumatoid arthritis impairment and complaints of hand pain. As noted above, the ALJ's reasoning in this regard is somewhat inconsistent throughout the decision. On the one hand, the ALJ found the state agency consultants' opinions, which did not include handling and fingering limitations, to be unpersuasive, in part, because they were unsupported by Plaintiff's subjective reports of limitations with hand pain, which the ALJ

---

[3] The written decision cites two clinical notes from the Idaho Arthritis Center, one dated August 29, 2022 and the other dated December 5, 2022. (AR 21, 23-25) (citing AR 710, 1189). However, it is unclear whether the ALJ relied on these two records to address Plaintiff's hand pain and functioning, or only Plaintiff's neck pain and range of motion, ability to stand, and heart rate. In this regard, the Court finds the ALJ's error in failing to explain his reasoning relevant to Plaintiff's symptom statements of hand pain and the medical records relevant to hand pain harmfully precludes review of the ALJ's findings relevant to Plaintiff's complaints of hand pain, the RFC determination, and the medical opinions.

**MEMORANDUM DECISION AND ORDER - 13**

discredited. (AR 22-25). Similarly, there is no explanation of the reasoning for including frequent handling and fingering in the RFC, which is somewhat inconsistent with the ALJ's earlier step three finding of <u>no medical evidence</u> of a manipulation impairment.

The errors found herein were harmful, as the Court cannot conclude they were inconsequential to the disability determination. For instance, the ALJ's evaluation of the medical opinions and the RFC assessment may have been different with respect to the handling and fingering limitation had the ALJ considered the evidence of Plaintiff's hand pain and rheumatology arthritis impairment.

The ALJ found Dr. Kendra Galloway's opinion, which included occasional handling and fingering limitations, to be unpersuasive because the statement "see rheumatology records" was insufficient to adequately explain the limitations opined. (AR 25). Notably, Dr. Galloway's opinion is dated February 6, 2023, after the September 1, 2022 ultrasound and after the rheumatology records from the Idaho Arthritis Center that the ALJ did not address relevant to Plaintiff's hand pain. (AR 818-824). It is unknown whether the ALJ's evaluation of Dr. Galloway's opinion would have differed had the ALJ considered the records relevant to hand pain and functioning from the Idaho Arthritis Center and the ultrasound. Further, it is unknown whether the resulting RFC would have differed. Indeed, were the ALJ to have adopted Dr. Galloway's opinion of occasional handling and fingering, the disability determination may have differed. (AR 60-61) (Vocational Expert testifying that a limitation to occasional handling and fingering would preclude the individual from performing Plaintiff's relevant past work).

For these reasons, the Court finds the ALJ committed harmful error in fashioning

**MEMORANDUM DECISION AND ORDER - 14**

the RFC. The Court makes no determination regarding whether the evidence of hand pain should change the disability determination, as that is for the ALJ to evaluate in the first instance.

5.     **Remand For Additional Proceedings is Appropriate**

Plaintiff requests remand for an immediate award of benefits. (Dkt. 13, 19). The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Harman*, 211 F.3d at 1179.

In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Treichler*, 775 F.3d at 1100-01; *Garrison*, 759 F.3d at 1020. Under this analysis, the Court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all three requirements are met, the decision whether to remand a case for additional evidence or to award benefits is left to the court's discretion. *Treichler*, 775

**MEMORANDUM DECISION AND ORDER - 15**

F.3d at 1101–02. Where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81.

Here, the Court considered whether to remand for an award of benefits. The first requisite is met based on the ALJ's harmful legal error. However, upon a careful review, the Court finds the evidence in this case does not conclusively establish Plaintiff is disabled under the Social Security disability regulations. Rather, the record is sufficiently ambiguous such that the evidence must be weighed and evaluated properly by the ALJ in the first instance, making remand for an immediate award of benefits inappropriate. *Treichler*, 775 F.3d at 1101 (remand for proceedings rather than for an immediate award of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities."). Thus, there is not sufficient evidence to direct a finding that Plaintiff is disabled and entitled to an award of benefits. Further, there is evidence in the record that may support a finding that the functional limitations resulting from Plaintiff's impairment could be accounted for in the RFC assessment and would not prevent Plaintiff from engaging in substantial gainful activity. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is appropriate "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand.

**MEMORANDUM DECISION AND ORDER - 16**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The decision of the Commissioner of Social Security is **REVERSED**.

2. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: December 22, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge